UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VU TRAN, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No._____ |
| KEANE FRAC TX, LLC; KEANE FRAC ND, LLC; KEANE FRAC GP, LLC; KEANE FRAC, LP; KEANE GROUP, LLC; and KEANE GROUP HOLDINGS, LLC, | § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Vu Tran (referred to as "Plaintiff" or "Tran") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Keane Frac TX, LLC; Keane Frac ND, LLC; Keane Frac GP, LLC; Keane Frac, LP; Keane Group, LLC and Keane Group Holdings, LLC (collectively referred to as "Defendants" or "Keane Group"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1. Tran's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Keane Group violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Keane Group violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Tran brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Keane Group resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Vu Tran is an individual who resides in Dallas County, Texas and who was employed by Keane Group during the last three years.

9. Keane Frac TX, LLC is a foreign limited liability company that may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Alternatively, if the registered agent of Keane Frac TX, LLC cannot with reasonable diligence be found at the company's registered office, Keane Frac TX, LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Keane Frac ND, LLC is a foreign limited liability company that may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Alternatively, if the registered agent of Keane Frac ND, LLC cannot with reasonable diligence be found at the company's registered office, Keane Frac ND, LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Keane Frac GP, LLC is a foreign limited liability company that may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Alternatively, if the registered agent of Keane Frac GP, LLC cannot with reasonable diligence be found at the company's registered office, Keane Frac GP, LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

12. Keane Frac, LP is a foreign limited partnership that may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Alternatively, if the registered agent of Keane Frac, LP cannot with reasonable diligence be found at the company's registered office, Keane Frac, LP may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

13. Keane Group, LLC is a foreign corporation that may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Alternatively, if the registered agent of Keane Group, LLC cannot with reasonable diligence be found at the company's registered office, Keane Group, LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

14. Keane Group Holdings, LLC is a foreign limited liability company that may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Alternatively, if the registered agent of Keane Group Holdings, LLC cannot with reasonable diligence be found at the company's registered office, Keane Group Holdings, LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

15. Whenever it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was

committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

16.   Keane Group is an oilfield services company; it does business in the territorial jurisdiction of this Court.

17.   Keane Group employed Tran as a sand hauler, logistics driver and driver from August 2016 to present; he was responsible for delivering parts, trucks, trailers, equipment, and/or materials to customers' oil rigs and/or yards and for bringing them back to Kean Group's facility.

18.   During Tran's employment with Keane Group, he was engaged in commerce or the production of goods for commerce.

19.   During Tran's employment with Keane Group, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20.   During Tran's employment with Keane Group, the company had an annual gross volume of sales made or business done of at least $500,000.

21.   Keane Group paid Tran on an hourly basis.

22.   During Tran's employment with Keane Group, he regularly worked in excess of forty hour per week.

23. Keane Group knew or reasonably should have known that Tran worked in excess of forty hours per week.

24. Keane Group did not pay Tran overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

25. Instead, Keane Group paid Tran at his straight time rate for each hour worked over forty in a workweek.

26. In other words, Keane Group paid Tran for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

27. Keane Group knew or reasonably should have known that Tran was not exempt from the overtime provisions of the FLSA.

28. Keane Group failed to maintain accurate time and pay records for Tran as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29. Keane Group knew or showed a reckless disregard for whether its pay practices violated the FLSA.

30. Keane Group is liable to Tran for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

31. All sand haulers, logistics drivers and drivers employed by Keane Group are similarly situated to Tran because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their

unpaid overtime wages, liquidated damages and attorneys' fees and costs from Keane Group pursuant to 29 U.S.C. § 216(b).

### V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

32.  Tran adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

33.  During Tran's employment with Keane Group, he was a non-exempt employee.

34.  As a nonexempt employee, Keane Group was legally obligated to pay Tran "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

35.  Keane Group did not pay Tran overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

36.  Instead, Keane Group paid Tran at his straight time rate for each hour worked over forty in a workweek.

37.  In other words, Keane Group paid Tran for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

38.  If Keane Group classified Tran as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

39. Keane Group knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Keane Group willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

40. Tran adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

42. In addition to the pay violations of the FLSA described above, Keane Group also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

43. Tran adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

44. On information and belief, other employees have been victimized by Keane Group's violations of the FLSA identified above.

45. These employees are similarly situated to Tran because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

46. Keane Group's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

47. Since, on information and belief, Tran's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

48. All employees of Keane Group, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former sand haulers, logistics drivers and drivers who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years.

49. Keane Group is liable to Tran and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

50. Because Keane Group knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Tran and the members of the putative class their unpaid overtime wages for at least the last three years.

51. Keane Group is liable to Tran and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

52. Keane Group is liable to Tran and the members of the putative class for their reasonable attorneys' fees and costs.

53. Tran has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

### VIII.  Jury Demand

54. Tran demands a trial by jury.

### IX.  Prayer

55. Tran prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Tran and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Plaintiff and the Putative Class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF VU TRAN**