IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VU TRAN, | § | |
| Individually and on behalf of all others | § | |
| Similarly situated, | § | |
| Plaintiffs, | § | No. 4:17-cv-03588 |
| -against- | § | |
| | § | |
| KEANE FRAC TX, LLC; KEANE FRAC | § | |
| ND, LLC; KEANE FRAC GP, LLC; | § | |
| KEANE FRAC, LP, KEANE GROUP, LLC; | § | |
| and KEANE GROUP HOLDINGS, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

Without waiving its defenses, Defendants Keane Frac TX, LLC ("Keane Frac TX"), Keane Frac, ND, LLC ("Keane Frac ND"), Keane Frac GP, LLC ("Keane Frac GP"), Keane Frac, LP, Keane Group, LLC ("Keane Group"), and Keane Group Holdings, LLC ("Keane Group Holdings") (*collectively* "Defendants") answer Plaintiff Vu Tran's ("Tran" or "Plaintiff") Original Complaint in paragraphs that correspond by label and number as follows:

**I. Nature of the Suit**

1. The allegations in paragraph 1 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2. The allegations in paragraph 2 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 2.

3. Defendants deny the allegations in paragraph 3.

4. Defendants deny the allegations in paragraph 4.

5. The allegations in paragraph 5 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 5.

## II. Jurisdiction and Venue

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in paragraph 7.

## III. Parties

8. Defendants admit that Vu Tran is an individual who worked for Keane Frac, LP during the last three years. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 8 and therefore deny same.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. The allegations in paragraph 15 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 15.

## IV. Facts

16. Defendants admit that Keane Frac GP, Keane Frac, LP, and Keane Group Holdings are oilfield services companies that do business in the territorial jurisdiction of this Court. Defendants deny the remaining allegations in paragraph 16.

17. Defendants admit that Keane Frac, LP, employed Tran as a Sand Hauler from August 2016 to April 2017 and as a Fleet Driver from April 2017 to present. Defendants admit that, in these positions, Tran would deliver materials and equipment to well locations and, as needed, Defendants' facilities. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that during his employment with Keane Frac, Tran was engaged in commerce or the production of goods for commerce. Defendants deny the remaining allegations in paragraph 18.

19. Defendants admit that during his employment with Keane Frac, LP, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others. Defendants deny the remaining allegations in paragraph 19.

20. Defendants admit that during his employment with Keane Frac, LP, the company had an annual gross volume of sales made or business done of at least $500,000. Defendants deny the remaining allegations in paragraph 20.

21. Defendants admit that Keane Frac, LP paid Tran on an hourly basis. Defendants deny the remaining allegations in paragraph 21.

22. Defendants admit that during his employment with Keane Frac, Tran worked in excess of forty hours per week on occasion. Defendants deny the remaining allegations in paragraph 22.

23. Defendants admit that Keane Frac, LP knew that Tran occasionally worked in excess of forty hours per week. Defendants deny the remaining allegations in paragraph 23.

24. Defendants admit that Keane Frac, LP paid Tran properly under the FLSA. Defendants deny the remaining allegations in paragraph 24.

25. Defendants admit that Keane Frac, LP paid Tran properly under the FLSA. Defendants deny the remaining allegations in paragraph 25.

26. Defendants admit that Keane Frac, LP paid Tran properly under the FLSA. Defendants deny the remaining allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

## V. Count One – Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

32. Defendants adopt by reference all of the answers set forth above.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants admit that Tran was paid properly under the FLSA. Defendants deny the remaining allegations in paragraph 35.

36. Defendants admit that Tran was paid properly under the FLSA. Defendants deny the remaining allegations in paragraph 36.

37. Defendants admit that Tran was paid properly under the FLSA. Defendants deny the remaining allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

## VI. Count Two – Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

40. Defendants adopt by reference all answers set forth above.

41. The allegations in paragraph 41 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required; Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

### VII. Count Three – Collective Action Allegations

43. Defendants adopt by reference all of the facts set forth above.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. The allegations in paragraph 53 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 53.

### VIII. Jury Demand

54. The allegations in paragraph 54 are jurisdictional or descriptive in nature and do not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 54.

### IX.  Prayer

55. Defendants deny that Tran is entitled to any of the relief for which he prays, including the relief referenced in sub-paragraphs "a" to "f" of paragraph 55.

### **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, because at all relevant times, Plaintiff and others allegedly similarly situated were exempt from any entitlement to overtime compensation.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendants.

3. Plaintiff's claims and the claims of others allegedly similarly situated are barred, in whole or in part, by the applicable statutes of limitations.

4. Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue such claims.

5. To the extent that Plaintiff and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Defendants, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

6. Defendants' failure to pay Plaintiff and other allegedly similarly situated overtime wages, if any, was in good faith conformity with and in reliance upon an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

7. If Defendants' failure to pay overtime wages, if any, was unlawful, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

8. If Defendants' failure to pay overtime wages, if any, was unlawful, none of Defendants' actions or omissions constituted a willful violation of the FLSA.

9. Assuming, *arguendo*, that Plaintiffs, and/or others allegedly similarly situated, are entitled to any overtime compensation, any time spent in any noncompensable preliminary or postliminary activities must be excluded from compensable hours of work.

10. Any amount of compensation claimed or sought by Plaintiffs and/or others allegedly similarly situated, is not to the extent alleged, and Defendants are entitled to a statutory credit towards overtime compensation sought under 29 U.S.C. §207.

11. Plaintiffs and/or others allegedly similarly situated have sustained no damages. To the extent Plaintiff, and/or others allegedly similarly situated, can establish the existence of any damages, the amount of compensation claimed or sought is *de minimis*, which is not actionable under the FLSA.

12. Plaintiffs and the others allegedly similarly situated are not entitled to both prejudgment interest and liquidated damages under the FLSA.

13. Defendants deny the existence of an ascertainable common class making such an action appropriate.

14. Plaintiffs are not similarly situated to the corresponding proposed class members for the purposes of the FLSA.

15. Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment because, *inter alia*, the proposed class members are not similarly situated and/or do not meet the numerosity requirement.

16. Plaintiff's purported class claims should be dismissed, in whole or in part, because the types of claims alleged by Plaintiffs on behalf of themselves and the purported class members are matters in which individualized questions of fact and proof of damages predominate, defeating the purported efficiency of the class action device and risking Seventh Amendment rights.

17. This lawsuit is not properly brought as a collective action under Section 216 of the Fair Labor Standards Act because the members of the purported class are not similarly situated.

18. This lawsuit is not properly brought as a class action because determination of liability and/or damages would require individualized inquiries. Additionally, individualized issues predominate over any common issues that may exist and requires an analysis of each putative class member to determine hours worked, individualized damages, and applicable exemptions.

19. Defendants reserve the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

Dated: December 18, 2017

                Respectfully submitted,

                */s/ Carrie B. Hoffman*

                Carrie B. Hoffman
                Texas Bar No. 00787701
                Sandra L. Jonas
                Texas Bar No. 24091631
                GARDERE WYNNE SEWELL LLP
                2021 McKinney Avenue, Suite 1600
                Dallas, TX 75201
                Telephone: (214) 999-4262
                Facsimile: (214) 999-3262
                E-mail: choffman@gardere.com
                E-mail: sjonas@gardere.com

                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to ECF rules, this document shall be electronically served to all counsel of record in this matter via the Court's Notice of Electronic Filing automatically generated by the ECF system.

                */s/ Sandra L. Jonas*
                Sandra L. Jonas