UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VU TRAN, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:17-CV-03588 |
| KEANE FRAC TX, LLC; KEANE FRAC ND, LLC; KEANE FRAC GP, LLC; KEANE FRAC, LP; KEANE GROUP, LLC and KEANE GROUP HOLDINGS, LLC, | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION & EXPEDITED DISCOVERY**

MELISSA MOORE
State Bar No. 24013189
Federal Id. No. 25122

CURT HESSE
State Bar No. 24065414
Federal Id. No. 968465

BRIDGET DAVIDSON
State Bar No. 24096858
Federal Id. No. 3005005

MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## **TABLE OF CONTENTS**

I.    Statement of the Case ............................................................................................ 1

II.   Definition of Class ................................................................................................ 2

III.  Description of Claims ............................................................................................ 2

    A.  Statement of Facts ........................................................................................ 2

    B.  Keane Fracking Violated the FLSA ........................................................... 3

IV.   Authority for Class Certification ........................................................................ 6

V.    Prerequisites to Class Certification .................................................................... 8

VI.   Proposed Notice ..................................................................................................... 9

VII.  Other Matters ....................................................................................................... 10

VIII. Conclusion ............................................................................................................. 11

Signature .......................................................................................................................... 12

Certificate of Conference ............................................................................................... 12

Certificate of Service ...................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
  600 F.3d 516 (5th Cir. 2010)...................................................................7

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946) ...........................................................................4

*Barnard v. Intertek USA Inc.*,
  2012 U.S. Dist. LEXIS 127539 (5th Cir. 2012)....................................11

*Beall v. Tyler Technologies, Inc.*,
  2009 U.S. Dist. LEXIS 87447 (5th Cir. 2009)......................................11

*Beliz v. McLeod*,
  765 F.2d 1317 (5th Cir. 1985)................................................................4

*Belt v. Emcare Inc.*,
  299 F. Supp. 2d 664 (E.D. Tex. 2003) ...................................................6

*Castillo v. Givens, Inc.*,
  704 F.2d 181 (5th Cir. 1983)..................................................................4

*Donovan v Univ. of Tex.*,
  643 F.3d 1201 (5th Cir. 1981)................................................................6

*Dunlop v. Industrial America Corp.*,
  516 F.2d 498 (5th Cir. 1975)..................................................................4

*Fisher v. Mich. Bell Tel. Co.*,
  2009 U.S. Dist. LEXIS 98146 (E.D. Mich. Oct. 22, 2009) ..................10

*Flowers v. MGTI, LLC*,
  No. H-11-1235,
  2012 U.S. Dist. LEXIS 73900 (S.D. Tex. May 29, 2012) ....................10

*Gandhi v. Dell Inc.*,
  No. A-08-CA-248,
  2009 WL 1940144 (W.D. Tex. Jul. 2, 2009) ..........................................7

*Gibson v. NCRC, Inc.*,
  No. H-10-1409,
  2011 U.S. Dist. LEXIS 77591 (S.D. Tex. Jul. 18, 2011)....................8, 9

*Granchelli v. P&A Interests, Ltd.*,
   No. H-11-4514,
   2013 U.S. Dist. LEXIS 14540 (S.D. Tex. Feb. 4, 2013)..........................................1

*Hoffman-La Roche v. Sperling*,
   493 U.S. 165 (1989) ................................................................................6, 9, 10, 11

*Jones v. Cretic Energy Servs., LLC.*,
   No. H-15-0051,
   2015 U.S. Dist. LEXIS 164786 (S.D. Tex. Dec. 9, 2015) ....................................10

*Lee v. Veolia ES Indus. Servs.*,
   No. 1:12-cv-136,
   2013 U.S. Dist. LEXIS 74193 (E.D. Tex. Apr. 12, 2013) .......................................9

*Lopez v. Allis-Chalmers Energy Inc.*,
   No. C-11-353 (S.D. Tex. Apr. 20, 2012) ................................................................11

*Lusardi v. Xerox, Corp.*,
   118 F.R.D. 351 (D.N.J. 1987) .............................................................................6, 7

*Mares v. Wood Group Mustang, Inc.*,
   No. H-14-089,
   2015 U.S. Dist. LEXIS 1018 (S.D. Tex. Jan. 6, 2015)............................................4

*Martinez v. Bally's Louisiana, Inc.*,
   244 F.3d 474 (5th Cir. 2001) ..................................................................................4

*Martinez v. Refinery Terminal Fire Company*,
   2013 U.S. Dist. LEXIS 180827 (5th Cir. 2013) ....................................................11

*McKnight v. D. Houston, Inc.*,
   756 F. Supp. 2d 794 (S.D. Tex. 2010)....................................................................8

*Mooney v. Aramco Svcs. Co.*,
   54 F.3d 1207 (5th Cir. 1995) ........................................................................1, 7, 8

*Murray v. Stuckey's, Inc.*,
   939 F.2d 614 (8th Cir. 1991) ..................................................................................4

*Sandoz v. Cingular Wireless*,
   553 F.3d 913 (5th Cir. 2008) ..................................................................................7

*Sedtal v. Genuine Parts Co.*,
   No. 1:08-CV-413,
   2009 U.S. Dist. LEXIS 63261 (E.D. Tex. July 23, 2009) ........................................ 6

*Shushan v. Univ. of Colo. at Boulder*,
   132 F.R.D. 263 (D. Colo. 1990) ............................................................... 6

*Skipper v. Superior Dairies*,
   512 F.2d 409 (5th Cir. 1979) .................................................................. 4

*Sperling v. Hoffman-La Roche, Inc.*,
   118 F.R.D.392 (D. N.J. Jan. 5, 1988) ........................................................ 9

## Statutes

29 U.S.C. § 203(g) ............................................................................ 4

29 U.S.C. § 203(r) ............................................................................ 5

29 U.S.C. § 203(s)(1) ......................................................................... 5

29 U.S.C. § 203(s)(1)(A) ...................................................................... 5

29 U.S.C. § 206(a) ......................................................................... 4, 5

29 U.S.C. § 207(a) ....................................................................... 4, 5, 8

29 U.S.C. § 207(a)(1) ......................................................................... 3

29 U.S.C. § 211(c) ......................................................................... 3, 4

29 U.S.C. § 216(b) .................................................................... 1, 2, 6, 11

29 U.S.C. §§ 201-219 .......................................................................... 1

## Rules

FED. R. CIV. P. 23 ........................................................................... 1

FED. R. CIV. P. 26(b)(1) .................................................................... 11

**Regulations**

29 C.F.R. § 516.27 ................................................................................................. 3

29 C.F.R. pt. 516 .................................................................................................. 4

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Vu Tran, (referred to as "Plaintiff" or "Tran") and files this motion for class certification[1] and expedited discovery. In support thereof, he would respectfully show the Court as follows:

## I.    Statement of the Case

Tran filed a putative collective action lawsuit against Keane Frac TX, LLC, Keane Frac ND, LLC, Keane Frac GP, LLC, Keane Frac, LP, Keane Group, LLC, and Keane Group Holdings, LLC (collectively referred to as "Defendants" or "Keane Fracking") on November 22, 2017, alleging that the company violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") by, among other things, failing to pay him and others similarly situated overtime for hours worked in excess of forty per workweek.  (Pl.'s Compl. (Dkt. 1) ¶¶ 32-42.)  Five other individuals (i.e., Carlos Escamilla, Carl Murdy, Jolee Charee, Eric Contreras, and Randall Headley) have exercised their statutory rights to join this lawsuit by consenting in writing to become parties to it pursuant to 29 U.S.C. § 216(b).[2]  (Escamilla Consent (Dkt. 6); Charee Consent (Dkt. 7); Murdy Consent (Dkt. 10); Contreras Consent (Dkt. 12); Headley Consent (Dkt. 13).) Now, because the evidence establishes that Tran and the opt-in plaintiffs are similarly situated to other current and former employees of Keane Fracking, they request that the Court conditionally certify this

---

[1] This is a collective action under 29 U.S.C. § 216(b) and not a class action under FED. R. CIV. P. 23.  However, since "most courts utilize class action terminology from Rule 23 cases[,]" Plaintiffs will do so here. *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).

[2] "Individuals who already know about [a collective action] suit and want to join as additional plaintiffs need not wait until certification and notice to do so."  *Granchelli v. P&A Interests, Ltd.*, No. H-11-4514, 2013 U.S. Dist. LEXIS 14540, at *5-*6 (S.D. Tex. Feb. 4, 2013).

case as a collective action pursuant to 29 U.S.C. § 216(b) and authorize the issuance of notice to members of the putative class.

## II.   Definitions of Classes

Plaintiff requests that the Court conditionally certify the following classes pursuant to 29 U.S.C. § 216(b):

> All drivers and/or logistics drivers employed by Keane Fracking during the last three years at the following locations: 8200 E. IH-20, Odessa, Texas 79766 and 354 West Bradshaw, Springtown, Texas 76082;

> All sand haulers employed by Keane Fracking during the last three years at the following locations: 8200 E. IH-20, Odessa, Texas 79766 and 354 West Bradshaw, Springtown, Texas 76082.

## III.   Description of Claims

### A.   Statement of Facts

Keane Fracking is an oilfield services company that provides logistics services to customers in the oil and gas industry, primarily at drill sites in Texas, Pennsylvania, and North Dakota.  Keane Fracking employs two types of drivers: sand haulers and logistics drivers (also referred to simply as "drivers").   Drivers and/or logistics drivers deliver oilfield equipment, parts, and any other items requested. Ex. A, Tran Decl. ¶¶ 5-6; Ex. B. Escamilla Decl. ¶¶ 6-7; Ex. C, Charee Decl. ¶¶ 5-6. Sand Haulers deliver sand and any other requested items, and they monitor the distribution of the sand to the well site. Ex. D, Headley Decl. ¶¶ 6-7. Both the sand haulers and the drivers and/or logistics drivers, drive back and forth from either the Keane Fracking yard in Odessa, Texas or the Keane Fracking yard in Springtown, Texas to drilling locations in the Midland/Odessa area. Ex. A, Tran Decl. ¶ 6; Ex. B, Escamilla Decl. ¶ 7; Ex. C, Charee Decl. ¶ 6.

While employed with Keane Fracking, Tran, Escamilla, Murdy, Charee, and Contreras have all worked as drivers and/or logistics drivers; Headley worked as a sand hauler. Plaintiffs worked out of the yard located at 8200 E. IH-20, Odessa, Texas 79766 or the yard at 354 West Bradshaw, Springtown, Texas 76082. Plaintiffs usually worked a rotation, which was twenty days on followed by ten days off.  Ex. A, Tran Decl. ¶ 8; Ex. B, Escamilla Decl. ¶ 9. While working, Plaintiffs typically worked at between ninety-two and ninety-eight hours per week. Ex. A, Tran Decl. ¶ 7; Ex. B, Escamilla Decl. ¶ 8; Ex. C, Charee Decl. ¶ 7. Sometimes they worked as many as 106 hours per week. Ex. D, Headley Decl. ¶ 8.  Plaintiffs were not paid for their days off and did not accrue any sick days or paid time off. Ex. A, Tran Decl. ¶ 8; Ex. B, Escamilla Decl.  ¶ 9; Ex. C, Charee Decl. ¶ 8; Ex. D, Headley Decl. ¶ 9. As with all other sand haulers, drivers and/or logistics drivers employed by Keane Fracking, Plaintiffs were paid on an hourly basis. Ex. A, Tran Decl. ¶ 9; Ex. B, Escamilla Decl. ¶ 10; Ex. C, Charee Decl. ¶ 9; Ex. D, Headley Decl. ¶ 10. And despite working well in excess of forty hours per week, Keane Fracking paid all sand haulers, drivers and/or logistics drivers straight time for overtime. Ex. A, Tran Decl. ¶ 11; Ex. B, Escamilla Decl. ¶ 12; Ex. C, Charee Decl. ¶ 11; Ex. D, Headley Decl. ¶ 12.  (Defs.' Answer (Dkt. 19) ¶¶ 21-25, 36 (admitting that Keane Fracking knew Tran worked over forty hours per week and that it paid him straight time for overtime).)

## B.    Defendants Violated the FLSA

The FLSA requires covered employers to pay nonexempt employees at one and one-half times their regular rates for all hours worked in excess of forty during a workweek. 29 U.S.C. § 207(a)(1). It also requires employers to maintain certain records to document

compliance with the minimum wage and overtime requirements of the Act.[3, 4]  29 U.S.C. § 211(c); 29 C.F.R. pt. 516. To establish a prima facie violation of the FLSA, a plaintiff generally must show (1) the existence of an employment relationship with the defendants; (2) that the employee was covered by the FLSA; (3) that the employer had actual or constructive knowledge of overtime worked or wage payments in violation of the FLSA; and (4) the amount owed.[5] 29 U.S.C. §§ 203(g), 206(a), 207(a); *Mt. Clemens Pottery Co.*, 328 U.S. at 687; *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 621 (8th Cir. 1991).

With respect to the first element, Tran's paystubs clearly show that he was employed by Keane Fracking. Ex. E, Vu Tran's Paystubs. With respect to the second element, there are two types of coverage under the FLSA: individual coverage and enterprise coverage. *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 500-501 (5th Cir. 1975). On the one hand, an employee is individually covered where he is "engaged in commerce or in the

---

[3] Specifically, an employer must maintain the following records: (1) the employee's personal identifying information and (2) essential wage and hour information (i.e., pay period and date of payment, basic pay rate, daily and weekly hours, straight time and overtime earnings, additions to and deductions from wages, and total wages paid each pay period). 29 C.F.R. § 516.27.

[4] In cases where the employer fails to discharge its duty to maintain accurate time records as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.27, the burden of proof shifts from the employee to the employer. "In such a situation … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Beliz v. McLeod*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Castillo v. Givens, Inc.*, 704 F.2d 181, 194-95 (5th Cir. 1983); *Skipper v. Superior Dairies*, 512 F.2d 409, 419-20 (5th Cir. 1979). The employer cannot be heard to complain about the imprecision of the employee's proof, since it was the employer's failure to maintain complete and accurate pay and time records that made the relaxed burden of proof necessary, and the employee should not be penalized by this default on the part of the employer. *Mt. Clemens Pottery Co.*, 328 U.S. at 680.

[5] The amount owed is subject to the burden-shifting principles discussed in *supra* note 4.

production of goods for commerce"; on the other hand, all of the employees of an "enterprise" are covered (regardless of whether they are individually engaged in commerce) if the statutory requirements are met. *Id*.; *see also*, 29 U.S.C. §§ 206(a), 207(a). The FLSA defines "enterprise" as follows:

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements[.]

29 U.S.C. § 203(r).  Section 203(s)(1) provides that such an enterprise

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1)(A).  In this case, Keane Fracking admits that it is covered by the FLSA.  (Defs.' Answer (Dkt. 19) ¶¶ 19-21.)

     With respect the final two elements, Keane Fracking's pay practices plainly violate the FLSA. Pay period after pay period, Plaintiff and other sand haulers, drivers and/or logistics drivers worked 14-hour shifts, approximately 6 to 7 days per week, but were not paid overtime in violation of 29 U.S.C. § 207(a).  Ex. A, Tran Decl. ¶¶ 7, 10; Ex. B, Escamilla Decl. ¶¶ 8, 11; Ex. D, Headley Decl. ¶ 8, 11.  (Defs.' Answer (Dkt. 19) ¶¶ 21-25, 36 (admitting that Keane Fracking knew Tran worked over forty hours per week and that it paid him straight time for overtime).)  Instead, Keane Fracking paid Tran and the

other sand haulers, drivers and/or logistics drivers for the hours they worked over forty in a workweek at their straight time rate. (Pl.'s Compl. (Dkt. 1) ¶¶ 32-42; Defs.' Answer (Dkt. 19) ¶¶ 21-25, 36 (admitting that Keane Fracking knew Tran worked over forty hours per week and that it paid him straight time for overtime).).

## IV.  Authority for Class Certification

The FLSA expressly allows a collective action to "be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "A collective action [under the FLSA] is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure.  But, it is different from a class action in that absent class members do not share in the recovery (and are not bound by the judgment) unless they specifically opt into the class upon receiving notice of the action." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413, 2009 U.S. Dist. LEXIS 63261, at *4–*5 (E.D. Tex. July 23, 2009) (citing *Belt v. Emcare Inc.*, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003)) (internal citation omitted).  A collective action "prevents piecemeal litigation, inconsistent adjudications, and difficult res judicata issues." *Belt*, 299 F. Supp. 2d at 655 (citing *Donovan v Univ. of Tex.*, 643 F.3d 1201, 1206-1207 (5th Cir. 1981)).

A district court may conditionally certify an FLSA collective action and authorize notice to potential class members so that they may choose whether to opt into the lawsuit if the plaintiff shows that he is "similarly situated" to those whom he purports to represent. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989). Courts recognize two approaches

to determine whether to authorize notice to similarly situated employees: the two-stage method set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and the spurious class action approach in *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990). Although the Fifth Circuit has not formally adopted either method, virtually all of the courts in this circuit use the two-stage *Lusardi* approach. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (noting that neither method has been formally adopted); *Sandoz v. Cingular Wireless*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (observing that most cases proceed using the two-step *Lusardi* approach). Since *Lusardi* is the preferred approach, only that method will be addressed.

Under *Lusardi* and its progeny, the first stage is the "notice stage." *Mooney*, 54 F.3d at 1213-14. At the notice stage, the sole issue is whether to authorize notice to potential class members. *Id*. The Court does not consider a defendant's arguments on the merits. *Gandhi v. Dell Inc.*, No. A-08-CA-248, 2009 WL 1940144, at *34 (W.D. Tex. Jul. 2, 2009). The decision is often based only on the pleadings and affidavits of the parties. *Id*.; *see also*, *Sandoz*, 553 F.3d at 915 n.2. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *Mooney*, 54 F.3d at 1214 (internal footnote omitted). The case then proceeds as a collective action throughout discovery. *Id*. at 1213-14. The second stage normally occurs after the parties have largely completed discovery and the defendant moves for decertification. *Sandoz*, 553 F.3d at 915 n.2. At that point, "the court must make a factual determination as to whether there are similarly-situated employees who have

opted in.  If so, the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims." *Id*. (internal citations omitted).

## V.  Prerequisites to Class Certification

This case is at the notice stage.  *Mooney*, 54 F.3d at 1213-14.  To prevail, Tran must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved are similarly situated to him in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit.[6] *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). As an initial matter, the declarations, Tran's pay stubs, the admissions in Keane Fracking's answer, and other evidence attached to this motion clearly establish that Tran and other sand haulers, drivers and/or logistics drivers worked in excess of forty hours per week but were not paid overtime in violation of 29 U.S.C. § 207(a).

Additionally, Tran's declaration, the presence of five additional opt-ins, and their respective declarations show that other putative class members exist, are similarly situated to Plaintiff and want to recover their unpaid regular and overtime wages from Keane Fracking.  *See*, *Lee v. Veolia ED Indus. Servs.*, No. 1:12-CV-136, 2013 U.S. Dist. LEXIS 74193, at *20-*21 (E.D. Tex. Apr. 12, 2013) ("Finally, Veolia states that Lee does not show that other employees wish to opt into to this lawsuit. This statement is puzzling and

---

[6] Courts in this circuit are divided on whether a named plaintiff must actually show that others are interested in joining the lawsuit. *See, e.g.*, *Gibson v. NCRC, Inc.*, No. H-10-1409, 2011 U.S. Dist. LEXIS 77591, at *19-*21 (S.D. Tex. Jul. 18, 2011) (Rosenthal, J.) (noting that there is no requirement to show that others are interested in joining lawsuit).

incorrect: Lee has filed notices for twelve individuals who wish to opt into to this lawsuit."); *but cf.*, *Gibson v. NCRC, Inc.*, No. H-10-1409, 2011 U.S. Dist. LEXIS 77591, at *19-*21 (S.D. Tex. Jul. 18, 2011) (Rosenthal, J.) (noting that there is no requirement to show that others are interested in joining lawsuit).  More specifically, the fact that Tran and all of the opt-in plaintiffs all work at the same two yards, are assigned the same or substantially similar tasks, and are uniformly paid straight time for overtime establishes that they are similarly situated.

Finally, permitting early notice and full participation by the Putative Class Members "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. at 406. Once the notice period is complete, the court will have the advantage of knowing the composition of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffman-La Roche*, 493 U.S. at 172. Therefore, the Court should grant Plaintiff's motion for class certification and authorize notice to potential class members.

## VI.  Proposed Notice

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.  The proposed notice meets the requirements set forth in *Hoffman-La Roche* because it accurately describes the claims being made against Keane Fracking, the prohibition against retaliation, and the procedure for joining the lawsuit. *See*, Ex. F, Proposed Notice to Potential Class Members.

Plaintiff requests that the notice be sent to potential class members by first class and electronic mail. *See*, *Flowers v. MGTI, LLC*, No. H-11-1235, 2012 U.S. Dist. LEXIS 73900, at *14 (S.D. Tex. May 29, 2012) (notices sent by first class mail); *See also*, *Jones v. Cretic Energy Servs., LLC.*, No. H-15-0051, 2015 U.S. Dist. LEXIS 164786, at *31 (S.D. Tex. Dec. 9, 2015) (notices sent by email). Plaintiff also requests that the Court fix a postmark deadline for the return of consent forms of sixty (60) days from the date the notices are mailed and emailed and that a reminder notice be sent thirty (30) days before the deadline to join. *See*, *id*. Class counsel will oversee the implementation of notice and cover any associated costs.

## VII.  Other Matters

Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the Putative Class Members of the case, and that the statute of limitations is running on their claims. *Fisher v. Mich. Bell Tel. Co.*, 2009 U.S. Dist. LEXIS 98146, at *828 (citing *Hoffman-La Roche*, 493 U.S. at 170). Issuance of notice via email is especially important in this case because the Putative Class Members work in remote locations for extended periods of time, making it extremely difficult for them to regularly receive mail.

Therefore, to ensure notice may be timely implemented, Plaintiff requests that Keane Fracking produce verified contact information (i.e., names, last known addresses, and email addresses) for all putative class members who worked for Keane Fracking who on or after November 2014.  Ex. G, Proposed Affidavit of Keane Fracking Representative. *See*, *Flowers*, 2012 U.S. Dist. LEXIS 73900, at *13-*14. This information is discoverable as a matter of right even in the absence of a collective action, because these other

employees are persons with relevant knowledge. FED. R. CIV. P. 26(b)(1); *Hoffman-La Roche*, 493 U.S. at 170 (discovery of names and address of similarly situated employees is permissible regardless of whether lawsuit has been certified as a collective action); *See also*, *Barnard v. Intertek USA Inc.*, C.A. No. 4:11-cv-02198 *22 (S.D. Tex. May 2, 2012) (EFC No. 99 (Johnson, Mag. J.) ("Plaintiff's counsel shall mail a copy of the notice and consent forms attached to their motion, with the required changes, via regular United States mail and/or via electronic mail … ."); *Martinez v. Refinery Terminal Fire Company*, C.A. No. C-11-295 (S.D. Tex. Jan. 2,5, 2012 ) (ECF No. 54) (Ramos, J.) (Ordering the production of names, addresses, email addresses and telephone numbers); *Lopez v. Allis Chalmers Energy Inc.*, C.A. No. C-11-353 (S.D. Tex. April 20, 2012) (ECF No. 92) (Same); *Beall v. Tyler Technologies, Inc.*, C.A. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. Sept. 23, 2009) (court granted class notice via email and later compelled the employer to produce all email addresses, both personal and work).

## VIII.  Conclusion

At its core, this is a straightforward of failure to pay overtime in violation of the FLSA. And since Plaintiff and those whom he seeks to represent are all victims of a uniform pay practices that violate the FLSA, the Court should (1) conditionally certify this case collective action pursuant to 29 U.S.C. § 216(b); (2) authorize the issuance of notice to potential class members via mail and email; and (3) order Keane Fracking to produce verified contact information, including email addresses, for all putative class members so that notice may be timely implemented.

Respectfully Submitted,

MOORE & ASSOCIATES

By: _Melissa Moore_____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 18, 2017, I filed this motion with the Court's CM/ECF system which will send notification of such filing to the all counsel of record.

_____
Melissa Moore