UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| VU TRAN, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | No. 4:17-cv-03588 |
| KEANE FRAC TX, LLC; KEANE FRAC ND, LLC; KEANE FRAC GP, LLC; KEANE FRAC, LP; KEANE GROUP, INC. and KEANE GROUP HOLDINGS, LLC, | | Jury |
| *Defendants*. | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Vu Tran (referred to as "Plaintiff" or "Tran") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Keane Frac TX, LLC; Keane Frac ND, LLC; Keane Frac GP, LLC; Keane Frac, LP; Keane Group, Inc. and Keane Group Holdings, LLC (collectively referred to as "Defendants" or "Keane Frac"). In support thereof, he would respectfully show the Court as follows:

## I. Nature of Suit

1. Tran's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and under the New Mexico Minimum Wage Act, N.M. Stat. §§ 50-4-19 to 50-4-30 ("NMMWA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Similarly, the NMMWA was enacted "establish minimum wage and overtime compensation standards for all workers at levels consistent with their health, efficiency and general well-being, and … to safeguard existing minimum wage and overtime compensation standards which are adequate to maintain the health, efficiency and general well-being of workers against the unfair competition of wage and hours standards which do not provide adequate standards of living." N.M. Stat. § 50-4-19.

4. Keane Frac violated the FLSA by employing Tran and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing

to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Keane Frac violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Keane Frac violated the NMMWA by requiring Tran and other similarly situated nonexempt employees "to work more than forty hours in [a] week of seven days[ but refusing to compensate them at] one and one-half times [their] regular hourly rate[s] of pay for all hours worked in excess of forty hours." N.M. Stat. § 50-4-22(D).

7. Tran brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

8. Tran brings this collective action under N.M. Stat. § 50-4-26(D) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

9. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

10. The Court has supplemental jurisdiction over Tran's NMMWA claim pursuant to 28 U.S.C. § 1367(a) because it is so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Keane Frac resides in the Houston Division of the Southern District of Texas.

### III.  Parties

12. Tran is an individual who resides in Dallas County, Texas and who was employed by Keane Frac during the last three years.

13. Keane Frac TX, LLC is a foreign limited liability company that has been served with process and has appeared.

14. Keane Frac ND, LLC is a foreign limited liability company that has been served with process and has appeared.

15. Keane Frac GP, LLC is a foreign limited liability company that has been served with process and has appeared.

16. Keane Frac, LP is a foreign limited partnership that has been served with process and has appeared.

17. Keane Group, Inc. is a foreign corporation that has been served with process and has appeared.

18. Keane Group Holdings, LLC is a foreign limited liability company that has been served with process and has appeared.

19. Whenever it is alleged that Keane Frac committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Keane Frac or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

20. Keane Frac is an oilfield services company; it does business in the territorial jurisdiction of this Court.

21. Keane Frac employed Tran as a sand hauler, logistics driver and driver from August 2016 to present; he was responsible for delivering parts, trucks, trailers, equipment, and/or materials to customers' oil rigs and/or yards and for returning those items to Kean Group's facilities.

22. During Tran's employment with Keane Frac, he was engaged in commerce or the production of goods for commerce.

23. During Tran's employment with Keane Frac, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

24. During Tran's employment with Keane Frac, the company had an annual gross volume of sales made or business done of at least $500,000.

25. Keane Frac paid Tran on an hourly basis.

26. During Tran's employment with Keane Frac, he regularly worked in excess of forty hour per week.

27. Keane Frac knew or reasonably should have known that Tran worked in excess of forty hours per week.

28. Keane Frac did not pay Tran overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1); *see also*, N.M. Stat. § 50-4-22(D).

29. Instead, Keane Frac paid Tran at his straight time rate for each hour worked over forty in a workweek.

30. In other words, Keane Frac paid Tran for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA and the NMMWA.

31. Keane Frac knew or reasonably should have known that Tran was not exempt from the overtime provisions of the FLSA or the NMMWA.

32. Keane Frac failed to maintain accurate time and pay records for Tran as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

33. Keane Frac knew or showed a reckless disregard for whether its pay practices violated the FLSA and the NMMWA.

34. Keane Frac is liable to Tran for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

35. Keane Frac is liable to Tran for his unpaid overtime wages, interest, twice the unpaid overtime wages and attorney's fees and costs pursuant to N.M. Stat. §§ 50-4-26(C), 50-4-26(E).

36. All sand haulers, logistics drivers and drivers employed by Keane Frac are similarly situated to Tran because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and N.M. Stat. § 50-4-22(D) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Keane Frac pursuant to 29 U.S.C. § 216(b) and N.M. Stat. §§ 50-4-26(C), 50-4-26(E).

## V. Count One—
## Failure to Pay Overtime
## in Violation of 29 U.S.C. § 207(a)

37. Tran adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

38. During Tran's employment with Keane Frac, he was a non-exempt employee.

39. As a nonexempt employee, Keane Frac was legally obligated to pay Tran "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Keane Frac did not pay Tran overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

41. Instead, Keane Frac paid Tran at his straight time rate for each hour worked over forty in a workweek.

42. In other words, Keane Frac paid Tran for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

43. If Keane Frac classified Tran as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. Keane Frac knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Keane Frac willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
## Failure to Maintain Accurate Records
## in Violation of 29 U.S.C. § 211(c)

45. Tran adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47. In addition to the pay violations of the FLSA described above, Keane Frac also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)
## for Violations of the FLSA

48. Tran adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49. On information and belief, other employees have been victimized by Keane Frac's violations of the FLSA identified above.

50. These employees are similarly situated to Tran because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. Keane Frac's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Tran's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All employees of Keane Frac, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former sand haulers, logistics drivers and drivers who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years.

54. Keane Frac is liable to Tran and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Keane Frac knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Tran and the members of the putative class their unpaid overtime wages for at least the last three years.

56. Keane Frac is liable to Tran and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

57. Keane Frac is liable to Tran and the members of the putative class for their reasonable attorneys' fees and costs.

58. Tran has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four—
## Failure to Pay Overtime
## In Violation of the NMMWA

59. Tran adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

60. During Tran's employment with Keane Frac, he performed at least some work for the company in the State of New Mexico.

61. During Tran's employment with Keane Frac, he was a nonexempt employee.

62. As a nonexempt employee, Keane Frac was legally obligated to pay Tran at "one and one-half times [his] regular hourly rate of pay for all hours worked in excess of forty hours [per week]." N.M. Stat. § 50-4-22(D).

63. Keane frac failed to pay Tran for the hours he worked over forty in a workweek at one and one-half times his regular hourly rate of pay.

64. Instead, Keane Frac paid Tran at his regular hourly rate of pay for each hour worked over forty in a workweek.

65. If Keane Frac classified Tran as exempt from the overtime requirements of the NMMWA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirement of the NMMWA.

66. Keane Frac knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the NMMWA; in other words, Keane Frac willfully violated the overtime requirements of the NMMWA.

67. Tran brings the NMMWA claim on behalf of himself and those who have opted-in to this case. N.M. Stat. § 50-4-26(D).

## IX.  Jury Demand

68. Tran demands a trial by jury.

## IX.  Prayer

69. Tran prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Tran and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs as provided for in the FLSA and the NMMWA;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Tran and the members of the putative class may show themselves to be justly entitled.

        Respectfully Submitted,

        MOORE & ASSOCIATES

        By: */s/ Melissa Moore*
        Melissa Moore
        State Bar No. 24013189
        Federal Id. No. 25122
        Curt Hesse
        State Bar No. 24065414
        Federal Id. No. 968465
        Lyric Centre
        440 Louisiana Street, Suite 675
        Houston, Texas  77002
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFF VU TRAN**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas  77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

## **CERTIFICATE OF SERVICE**

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—which are listed below—on October 15, 2018, in accordance with Fed. R. Civ. P. 5(b) as follows:

> Ms. Carrie B. Hoffman
> choffman@gardere.com
> Ms. Sandra Jonas
> sjonas@gardere.com
> FOLEY GARDERE
> FOLEY & LARDNER LLP
> 2021 McKinney Avenue, Suite 1600
> Dallas, Texas  75201
> Facsimile: (214) 999-3262
> Attorney for Defendants
> ☐ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☒ CM/ECF system

_/s/ Melissa Moore_
Melissa Moore