UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VU TRAN, Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| *Plaintiff*, | | |
| v. | § § § | No. 4:17-cv-03588 |
| KEANE FRAC TX, LLC; KEANE FRAC ND, LLC; KEANE FRAC GP, LLC; KEANE FRAC, LP; KEANE GROUP, INC. and KEANE GROUP HOLDINGS, LLC, | § § § § § § § § | Jury Trial Demanded |
| *Defendants*. | § § | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF
<u>DISMISSAL WITH PREJUDICE</u>**

Plaintiffs[1] and Defendants Keane Frac TX, LLC; Keane Frac ND, LLC; Keane Frac GP, LLC; Keane Frac, LP; Keane Group, Inc. and Keane Group Holdings, LLC (Plaintiffs and Defendants are collectively, the "Parties") seek court approval of the settlement recently reached in this matter.

The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil

---

[1] Plaintiffs are defined as Plaintiffs Vu Tran, Omar Castro and 132 Opt-In Plaintiffs.

Procedure, the Parties stipulate to the dismissal of this case with prejudice, with each of the Parties to bear their own respective attorneys' fees and court costs.

## I.     Introduction and Procedural Posture

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq*. ("FLSA") alleging that Defendants failed to pay Plaintiffs overtime wages as required by law.  *See* Dkt. Entry 1.  This case is a collective action.  *See* Dkt. Entry 48.  The Parties have negotiated and resolved Plaintiffs' individual claims.  Now, because the Parties have reached an agreement that disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request that the Court approve the agreement ("Settlement Agreement") and dismiss Plaintiffs' claims and this case with prejudice.

## II.     Argument & Authorities

Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it.  *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).  This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718.  "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1-*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D.Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id*. at 255 (quoting *Martinez*, 361 F.Supp.2d at 631); see also *Martinez*, 361 F.Supp.2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). A release in compliance with such a compromise is enforceable. *See Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the [s]ettlement [a]greement was signed," and "knew about their rights under the FLSA." See *Martin*, 688 F.3d at n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendants' liability, if any, and the compensation due, if any, based on certain enumerated exemptions to the FLSA asserted by Defendants to be applicable to the Plaintiffs. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, Plaintiffs and Defendants have reached a private settlement of all claims, defenses and disputes between them in this cause. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, and were aware

of their rights under the Fair Labor Standards Act, 29 U.S.C. §206 *et seq.* By entering into this Settlement Agreement, Defendants are not admitting any liability or violation of the FLSA, which are specifically denied.

Through mediation, the Parties reached a settlement of their dispute. The terms of the Settlement Agreement have been approved by Plaintiffs, Plaintiffs' counsel, Defendants and Defendants' counsel. In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendants acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime wages allegedly owed, (vi) the applicability of certain exemptions, (vii) the likelihood of Plaintiffs' success on their claims, and (vii) other factual and legal issues. The settlement was negotiated at arms' length with an expert FLSA mediator. The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

The terms of the settlement agreement reached by the Parties are confidential. However, if the Court would like to review the terms of the settlement agreement, then the Parties respectfully request that they be permitted to submit a copy of the settlement agreement for *in camera* inspection to the protect the confidentiality of the terms.

Wherefore, Plaintiffs and Defendants respectfully request that the Court approve the Settlement Agreement and enter an agreed order of dismissal of this lawsuit and the claims of all Plaintiffs with prejudice, with each party to bear their own court costs and attorneys' fees in conformance with the foregoing stipulation.

)-4042.1

| | |
|---|---|
| By: s/ Melissa Moore<br>Melissa Moore<br>State Bar No. 24013189<br>Southern District ID 25122<br>MOORE & ASSOCIATES<br>440 Louisiana, Ste. 675<br>Houston, Texas 77002<br>(713) 222-6775 (Telephone)<br>(713) 222-6739 (Facsimile)<br>melissa@mooreandassociates.net<br><br>**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**<br><br>**OF COUNSEL:**<br>Curt Hesse<br>State Bar No.24065414<br>Southern District ID 968465<br>MOORE & ASSOCIATES<br>440 Louisiana, Ste. 675<br>Houston, Texas 77002<br>(713) 222-6775 (Telephone)<br>(713) 222-6739 (Facsimile)<br>curt@mooreandassociates.net<br><br>By: s/ Chris R. Miltenberger w/p CH<br>Chris R. Miltenberger<br>State Bar No. 14171200<br>THE LAW OFFICE OF CHRIS R. MILTENBERGER, PLLC<br>1360 N. White Chapel, Suite 200<br>Southlake, Texas 76092-4322<br>(817) 416-5060 (Telephone)<br>(817) 416-5062 (Facsimile)<br>chris@crmlawpratice.com<br><br>**ATTORNEY-IN-CHARGE FOR PLAINTIFFS** | Respectfully submitted,<br><br>By: s/ Carrie B. Hoffman w/p CH<br>Carrie B. Hoffman<br>State Bar No. 00787701<br>FOLEY GARDERE<br>FOLEY & LARDNER LLP<br>2021 McKinney Ave, Suite 1600<br>Dallas, Texas 75201<br>(214) 999-4262 (Telephone)<br>(214) 999-3262 (Facsimile)<br>choffman@foley.com<br><br>**ATTORNEY-IN-CHARGE FOR DEFENDANT**<br><br>**OF COUNSEL:**<br>Sandra L. Jonas<br>Southern District of Texas No. 24091631<br>FOLEY GARDERE<br>FOLEY & LARDNER LLP<br>2021 McKinney Ave, Suite 1600<br>Dallas, Texas 75201<br>(214) 999-4262 (Telephone)<br>(214) 999-3262 (Facsimile)<br>sjonas@foley.com |

)-4042.1

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—which are listed below—on March 15, 2019, in accordance with Fed. R. Civ. P. 5(b) as follows:

>Ms. Sandra Jonas
>sjonas@foley.com
>Ms. Carrie B. Hoffman
>choffman@foley.com
>FOLEY GARDERE
>FOLEY & LARDNER LLP
>2021 McKinney Ave, Suite 1600
>Dallas, Texas 75201Attorneys for Defendants
>
>☐ mail
>☐ personal delivery
>☐ leaving it at ☐ office ☐ dwelling
>☐ leaving it with court clerk
>☐ electronic means
>☐ other means
>☒ CM/ECF system

s/ Melissa Moore<br>Melissa Moore